UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Vopak USA, Inc.,

Plaintiff,

vs. ORDER

Hallett Dock Co.,

Defendant. Civ. No. 02-393 (PAM/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 3rd day of May, 2002.

I. Introduction

On April 15, 2002, the Court heard argument on the Plaintiff's Motion to Compel the Deposition of Dave Bohrer ("Bohrer"). At the time of the Hearing, the Plaintiff Vopak USA, Inc. ("Vopak") appeared by Christopher H. Yetka, Esq., and Bohrer appeared by Daniel Oberdorfer, Esq. The Defendant Hallett Dock Company ("Hallet") did not make an appearance for purposes of this Motion. For reasons which follow, we grant the Plaintiff's Motion.

II. Discussion

This is a breach of contract action, initiated by Vopak, who had been leasing a 2,000,000 gallon storage tank from Hallett since the 1970's. The tank was used to store calcium chloride, which is Vopak's top chemical product. On January 25, 2002, Hallett gave

FILED MAY 03 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Vopak ninety-days written notice that it was terminating the lease. Vopak asserts, however, that it has a fixed, five-year lease on the tank, and that Hallett cannot terminate the lease on ninety-days notice.

Vopak's entire suit appears to rests on a letter, which was written in January of 1999, by one of Hallett's directors, that increases the monthly lease charges by a certain amount, and provides that "[t]he monthly lease will be firm for five (5) years." Notwithstanding this letter, Hallett maintains that it had a right to terminate the lease,[1] and that view appears to be backed by a long-time employee of Vopak -- Bohrer -- who was Vopak's representative in the negotiations which led to the letter at issue. Bohrer claims that a fixed term lease was never discussed.

After giving Vopak notice of the lease's termination, Hallett entered a new lease with one of Vopak's "competitors" -- Dust-Coatings, Inc. ("DustCoatings").[2] Apparently, since retiring from Vopak in August of 2001, Bohrer has performed some work for Dust-Coatings, from September of 2001 through January of 2002, and has been paid at least $15,000.00 in consulting fees by DustCoatings.

---

[1]A previous lease between the parties provided that it was terminable, without cause, with ninety days written notice.

[2]Bohrer claims that DustCoatings frequently contracted with Vopak, but was not a "competitor." See, Response to Plaintiff's Motion to Compel the Deposition of Dave Bohrer, at 2.

See, Deposition of David P. Bohrer, at 70-71, Ex. A to Affidavit of Christopher Yetka ("Bohrer Affidavit").

Given the notice that its lease would be terminated, Vopak has sued Hallett for breach of contract, and has also sued Bohrer, in a separate lawsuit, which is before the District Court, the Honorable Judge James M. Rosenbaum presiding, and is being pretried by Magistrate Judge Franklin L. Noel. In that action Vopac claims that Bohrer breached a duty of loyalty, tortiously interfered with Vopak's contractual and prospective business relations, engaged in the theft and conversion, in unfair competition, in the usurpation of corporate opportunity, and in the destruction of corporate property. In addition, in this proceeding, the District Court, the Honorable Judge Paul A. Magnuson presiding, granted Vopak's Motion for a Temporary Restraining Order, and has recently resolved the parties' cross-Motions for Summary Judgment, or for partial Summary Judgment.

As noted, the present dispute arises from the deposition of Bohrer which was taken in this action -- having been scheduled by Hallett -- and was not noted in the lawsuit between Vopak and Bohrer. The deposition was taken on March 20, 2002, and, during the course of the deposition, Bohrer's attorney instructed him not to answer several questions, and ultimately terminated the deposition. See, Bohrer Deposition, at 64, 80-83. The basis for those objec-

tions was counsel for Vopak's questions to Bohrer, which sought to examine any biases Bohrer might have that could influence his testimony against Vopak. Bohrer's attorney perceived the questions as more properly to be asked in the other legal proceedings and, having been unsuccessful in persuading Vopak's counsel to desist in such questioning, Bohrer's counsel invoked the self-help measure of terminating the deposition.

Bohrer's counsel suggests that the objections were predicated on the fact that a Rule 26(f) Conference had not been conducted in the other proceeding, and that, as a consequence, discovery was not permissible until such a Conference had been completed. See, See, Rule 26(d), Federal Rules of Civil Procedure ("Except in categories of proceedings exempted from initial disclosures under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).").

The questions asked of Bohrer, just before his attorney terminated the deposition, were focused on whether Bohrer had shifted business away from Vopak, to DustCoatings, or to any other entity, and whether he had dealt with any confidential material while in the employ of Vopak. See, Bohrer Deposition, at 76-83. A previous question, which Bohrer refused to answer, concerned his contacts

with DustCoatings, although it appears that he subsequently provided an answer to that inquiry. Id. at 63-64, 68. When the deposition was terminated, Bohrer's counsel was not amenable to contacting this Court for a ruling but, rather, advised that he would take the matter up with Magistrate Judge Noel, during a Hearing that had been scheduled for the following week, in the other proceeding. Id. at 83. The issue was apparently never raised during that Hearing, by either party.

Vopak brings this Motion in order to compel Bohrer to resume the deposition, and to answer any non-privileged questions. After reviewing the deposition transcript, and the background of this case, it is clear that Vopak should be allowed to inquire into Bohrer's potential bias in favor of competitors of Vopak, or any prejudice, or ill-will, he bears against Vopak. It is clear that, soon after Bohrer retired from Vopak, he began working for DustCoatings, and was paid $5,000.00 a month. His employment with DustCoatings continued from September of 2001, to January of 2002. Thereafter, in late January of 2002, Hallett terminated its lease with Vopak and, at some undisclosed time after that, entered into an agreement to lease the storage tanks to DustCoatings. Without doubt, Vopak should be allowed to explore the connection between DustCoatings, and Bohrer, since Hallett's case appears to rest, almost entirely, on Bohrer's recollection of his negotiations with

Hallet, on behalf of Vopak. The third-party beneficiary of Bohrer's testimony, as we understand it, is DustCoatings.

Nor are we troubled by the fact that the questions Vopak posed, and that appear to have caused the deposition's termination, related to whether Bohrer diverted business to a competitor of Vopak, or disseminated confidential Vopak materials to persons other than Vopak. While these questions may also be relevant to the other legal proceeding, we have no basis to preclude those questions in this proceeding, absent an agreement of all parties, that one deposition would serve for both legal proceedings. We are aware of no such agreement. In addition, Vopak advises that it had other inquiries to make of Bohrer which the prematurely termed when the deposition precluded. We remind counsel for Bohrer that Rule 30(d)(4), Federal Rules of Civil Procedure, details the appropriate mechanism for the termination of a deposition, and contemplates a suspension only "for the time necessary to make a motion for an order." Counsel comes perilously close to the imposition of sanctions for an act of self-help which conflicts with the governing law. In this instance, however, both counsel were present before Magistrate Judge Noel, and no one called the matter to his attention. In fact, there appears to have been some confusion as to the scope of the deposition, and whether the deposition would serve the purposes of both legal proceedings. In any event, we are

not convinced that an award of sanctions is warranted for the depositions termination, although the issue is a close one.

Therefore, in order to permit a "fair examination" of Bohrer, we conclude that the deposition should continue, and direct Bohrer to answer any non-privilege questions. We further advise the parties that, should a dispute arise again during the further deposition of Bohrer, or any other witness in this case, they would be well-served in invoking this Court's "open door policy."

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Compel the Deposition of Dave Bohrer [Docket No. 28] is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE